**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-30947
_____

TAMMY LEONARD,

Plaintiff-Appellant,

v.

JERRY GAUTREAUX, Individually and as Fire Chief
of the Bayou Cane Volunteer Fire Department;
BAYOU CANE VOLUNTEER FIRE DEPARTMENT; TERREBONE PARISH FIRE
PROTECTION DISTRICT, NOS. 1, 2, 3;
TERREBONE PARISH COUNCIL; TERREBONE PARISH
CONSOLIDATED GOVERNMENT; AMERICAN ALTERNATIVE INSURANCE
CORPORATION; CHRIS HUBBELL

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(97-CV-198-S)
_____

May 5, 2000

Before REAVLEY, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tammy Leonard ("Leonard") appeals the

district court's take nothing judgment in her action for damages

for violation of her right to free speech.  According to Leonard,

an erroneous jury instruction led the jury to err in finding that

Defendants-Appellees, Jerry Gautreaux ("Gautreaux") et al., did not

terminate Leonard's employment in retaliation for the exercise of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her First Amendment rights and in violation of federal and state whistleblower laws. Specifically, Leonard argues that the district court gave the jury an erroneous instruction on the definition of good faith. We affirm the district court's judgment because, under the plain error standard, the definition was not erroneous.

Gautreaux, as fire chief of Bayou Cane Volunteer Fire Department, terminated Leonard. Leonard contended that her termination was in retaliation for her exercise of free speech in reporting misconduct by Gautreaux. The court charged the jury that, "[f]reedom of speech includes reporting information to the board of directors of an employer which she believes in good faith to be a violation of the provision of law over which the board has jurisdiction." During deliberations, the jury requested in writing "a more simplified explanation of good faith." After discussing the matter with counsel, the judge responded: "good faith encompasses, among other things, an honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage. Good faith means that the actor had a genuine belief that the information which was sent or given was true." According to the district court, the first sentence of the definition was taken from Black's Law Dictionary ("BLD") and the second sentence was a definition used by this Court in a RICO case. Leonard's counsel objected to the BLD definition. In this appeal, Leonard challenges the court's use of "malice" in its definition of good faith.

We must first decide whether the alleged error was preserved

2

on appeal.  Rule 51 of the Federal Rules of Civil Procedure provides that a party may not assign as error giving or failing to give an instruction unless the party objects, "stating distinctly the matter objected to and the grounds of the objection."  This Court has held that a general objection to an instruction is not sufficient to satisfy Rule 51.  Russell v. Plano Bank & Trust, 130 F.3d 715, 719 (5th Cir. 1997).  In Russell, the plaintiff, on appeal, argued that the district court's omission of words from a jury instruction was erroneous.  Id. at 720.  This Court held that the objection was not sufficient because, although the plaintiff objected to the charge, he did not specifically refer to omitted language that should have been included.  Id. at 719.  We then concluded that "our consideration of the issue is limited to plain error review."  Id. at 721.

In the instant case, the court discussed with counsel the BLD and RICO definitions of good faith.  Appellees' counsel indicated that he preferred the BLD definition because it encompassed more than the RICO definition.  The court announced that it would use the BLD definition and Leonard's counsel, without explanation, stated "[w]e would object to that definition."  Based on this general objection, we conclude that Leonard failed to satisfy Rule 51's requirement that one objecting to a charge assign specific grounds for the objection.  Thus, we review the district court's instructions for plain error.  Russell, 130 F.3d at 721.

This Court has previously described plain error review in a civil case.  As we stated in Highlands Ins. Co. v. National Union

3

<u>Fire Ins. Co. of Pittsburgh</u>, 27 F.3d 1027, 1031-32 (1994):

> In the context of Federal Rule of Criminal Procedure 52(b), the Supreme Court has recently announced that for an appellant in a criminal case to prevail with a new argument on appeal, he must show: (1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would "seriously affect the fairness, integrity or public reputation of judicial proceedings." Federal Rule of Civil Procedure 51 is even more restrictive than Criminal Rule 52(b); indeed, one circuit holds that it allows no new attacks on instructions on appeal. We thus agree with the Sixth Circuit that "[t]he principles and decision enunciated in <u>Olano</u> [<u>U.S. v. Olano</u>, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)] apply *a fortiori* in the civil context where courts pay less strict attention to procedural protocol." <u>Olano</u> augments this court's longstanding rule that reversal for plain error is "not a run-of-the-mill remedy" and will occur "only in exceptional circumstances to avoid a miscarriage of justice."

The core of Appellant's quarrel with the district court's charge on good faith is the inclusion of malice in the definition of this term. The question for us to decide is whether the court's definition of good faith amounts to plain error.

Considering the instruction as a whole, we are satisfied that it does not amount to plain error. Even if we assume that the court should not have included "malice" in the instruction, the court did not define the term or give it emphasis. To the contrary, the charge emphasizes that good faith means the honest belief in the truthfulness of the statement.

Leonard also challenges the district court's grant of judgment as a matter of law in favor of the governmental entities.

4

Leonard's failure to establish that Gautreaux violated her First Amendment rights makes it unnecessary for us to reach this question.

Accordingly, the judgment of the district court denying Appellant's motion for a new trial is AFFIRMED.